In re STATE HIGHWAY COMMISSIONER.

McCULLAGH v. LEONARD REFINERIES, INC.

1. LANDLORD AND TENANT — CONSTRUCTION OF LEASE — PERPETUAL RENEWAL.

A provision in a lease for perpetual renewals will, in the absence of prohibitory statute, be given effect and enforced, but such a provision is not favored by the courts and a lease will be construed as not making such a provision unless it does so clearly.

2. SAME—PERPETUAL RENEWAL LEASE.

A 10-year lease of gasoline station premises containing a provision "that at the end of the term of this lease, said lease shall be automatically renewed for a further period of 10 years at the same annual rental * * * unless and except the said lessee gives to the lessors written notice 90 days prior to the expiration of this lease that said lessee does not intend to exercise this privilege of renewal. This provision for automatic renewal shall also be operative upon each and every renewal lease" together with provision that the lease was intended to "be binding on and inure to the parties hereto and their heirs, successors, and assigns" was a perpetual lease renewable decennially at the discretion of the lessee.

3. APPEAL AND ERROR—EMINENT DOMAIN—PERPETUAL LEASE—DIVISION OF AWARD.

It is unnecessary to consider other objections as to division of award in condemnation proceedings for highway purposes on appeal by lessors of premises claiming lease was not a perpetual lease, where it is determined lease was perpetual and parties are in agreement as to proper valuation on that basis.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 3] 32 Am Jur, Landlord and Tenant §§ 958–969.
Right to second or perpetual renewal under provision for renewal of lease. 31 ALR2d 607.
[3] 32 Am Jur, Landlord and Tenant § 989.
[4] 18 Am Jur, Eminent Domain § 378.

4. COSTS—CONDEMNATION PROCEEDINGS—DIVISION OF AWARD.
　　No costs are allowed on second appeal in proceedings to condemn
　　land for highway purposes, where controversy relates to di-
　　vision between lessor and lessee of award made.

Appeal from Ingham; Coash (Louis E.), J.   Submitted November 6, 1963.   (Calendar No. 51, Docket No. 50,154.)   Decided December 27, 1963.

In the matter of petition of John C. Mackie, State Highway Commissioner, for condemnation of private property in the city of Lansing.   Total compensation to be paid stipulated between Don C. McCullagh and Hazel E. McCullagh, owners and lessors, Leonard Refineries, Inc., a Michigan corporation, assignee of lease, and American Petroleum Company, Inc., a Michigan corporation, sublessee.   Order apportioning condemnation award entered.   Don C. McCullagh and Hazel E. McCullagh appeal.   Affirmed.

*Joseph W. Planck,* for appellants McCullagh.

*Foster, Campbell, Lindemer & McGurrin (John L. Collins,* of counsel), for appellee Leonard Refineries, Inc.

*Leo A. Farhat (John Robert Dethmers,* of counsel), for appellee American Petroleum Company, Inc.

KELLY, J.   The parties involved in this appeal have previously been before this Court in *In re State Highway Commissioner,* 365 Mich 322.   In that appeal, lessors, Don C. and Hazel E. McCullagh, were appellees, but are appellants in the present appeal and will be so designated in this opinion.

In our first opinion it was determined that the original lease entered into between lessors, appel-

lants herein, and Roosevelt Oil Company, lessee, was not terminated and made void by the subsequent assignment of the lease by Roosevelt Oil Company to its successors, Roosevelt Oil & Refining Corporation, and the further assignment by assignee Roosevelt Oil & Refining Corporation to Leonard Refineries, Inc.

Prior to the assignment from Roosevelt Oil & Refining Corporation to Leonard Refineries, Inc., the former had sublet to American Petroleum Company, Inc. This sublease was also recognized by Leonard Refineries, Inc.

The lease entered into between lessors McCullagh and Roosevelt Oil Company, lessee, on May 3, 1938, was for a period of 10 years, "subject to a provision, however, that it should be automatically renewed for a further period of 10 years, and likewise at the expiration of any renewal period, unless the lessee gave notice to the lessors 90 days prior to the expiration date that it did not intend to exercise the renewal privilege," and contained the following provision:

"It is further provided, that the lessee shall not assign this lease without the written consent of the lessors; however, the lessee may sublease all or any part of the property described or buildings hereafter erected without the consent of the lessors."

January 8, 1958, the State highway commissioner served on Mr. and Mrs. McCullagh a "notice of hearing on necessity" which referred to a project involving the relocation and construction of a portion of US–27, in which it was deemed necessary to take the premises covered by the lease in question.

After title and right to possession had vested in the State, following the condemnation proceedings, appellants herein informed Leonard Refineries, Inc., that they did not recognize the assignments of the

original lease, and that they had never consented thereto.

Subsequently, the present appellants, Leonard Refineries, Inc., and American Petroleum Company, Inc., entered into a stipulation that the amount of compensation to be paid by the State for their aggregate interests should be fixed at $32,000.

Relying on the above quoted portion of the original lease, Mr. and Mrs. McCullagh claimed they were entitled to the full amount of the agreed compensation, on the theory that the assignment by the original lessee to Roosevelt Oil & Refining Corporation, and the subsequent assignment to Leonard Refineries, Inc., were void insofar as any rights in the premises were concerned, and that the sublease to American Petroleum Company, Inc., was wholly ineffective.

The circuit court agreed with Mr. and Mrs. McCullagh, but, on appeal, this Court held (p 335) that the stipulation in the original lease that it should not be assigned without the written consent of the lessors was a covenant and not a condition and that Leonard Refineries, Inc., and American Petroleum Company, Inc., as well as the present appellants, had interests in the premises condemned for which they were entitled to compensation. This Court then remanded to the circuit court to have a determination made as to the appropriate division of the stipulated damages among Mr. and Mrs. McCullagh, Leonard Refineries, Inc., and American Petroleum Company, Inc., based on their respective interests in the premises as of February 11, 1958, the date on which title to the land had vested in the State.

October 24, 1962, Circuit Judge Louis E. Coash rendered his decision in which he found that the lease was a perpetual type lease which could be continued as long as Leonard Refineries, Inc., desired to pay the annual rent of $720. By this decision appellants

were awarded $12,000 of the $32,000 stipulated damages. In arriving at this figure, the lower court relied upon the testimony of William J. Porter, a realtor, who had testified at the original trial that the prevailing rate of interest in Lansing as of February 11, 1958, would have been 6 to 10%, and $12,000 capitalized at 6% would give the yearly rental of $720.

The lower court also found that the testimony indicated the value of improvements made by American Petroleum Company, Inc., was between $7,800 and $8,800, and awarded that company $8,000. The balance of the $32,000 was awarded to Leonard Refineries, Inc.

Mr. and Mrs. McCullagh now appeal from the awards made by the lower court. Appellants' main contention is that the lease of May 3, 1938, was not a perpetual lease and that it should be construed as having terminated on May 3, 1958, the end of the first renewal period of 10 years. Appellants thus contend that the interest of Leonard Refineries, Inc., is limited to that of a leasehold covering the 84 days from February 11, 1958, to May 3, 1958, and the removal value of the gasoline station building on the land. Appellants further contend that the interest of the sublessee, American Petroleum Company, Inc., is limited to the removal cost of its equipment and not to the value of such personalty, because such removable personalty was not included within the "take"; and, finally, that the concrete driveways were a part of the land but were not considered by the trial court in determining the value of the land condemned.

The general rule with respect to perpetual leases is set forth in 32 Am Jur, Landlord and Tenant, §§ 966, 967, pp 812, 813, as follows:

"The general rule is that a provision in a lease for a number of renewals will be given effect and en-

forced. Indeed, the general rule is that a provision for perpetual renewals will, in the absence of prohibitory statute, be given effect and enforced.   *   *   *

"Although there is some contrary authority, the generally accepted view is that a provision clearly giving the lessee and his assigns the right to perpetual renewals is valid in the absence of some statutory prohibition, and will be enforced by the courts, although such a provision in a lease is not favored by the courts and a lease will be construed as not making such a provision unless it does so clearly."

The renewal provision at issue in this case reads:

"It is further provided, that at the end of the term of this lease, said lease shall be automatically renewed for a further period of 10 years at the same annual rental, payable as described above, unless and except the said lessee gives to the lessors written notice 90 days prior to the expiration of this lease that said lessee does not intend to exercise this privilege of renewal. This provision for automatic renewal shall also be operative upon each and every renewal lease."

The lease also contains the following provision:

"This indenture of lease and the provisions hereof shall be binding on and inure to the parties hereto and their heirs, successors and assigns."

We agree with the trial court that this lease was a perpetual lease, renewable every 10 years at the discretion of the lessee. The language clearly expresses the intent of the parties to the lease that the lease should continue in effect until such time as the lessee, or its successors and/or assigns, signified an intent to terminate the lease.

Since the appraisers for both appellants and appellee Leonard Refineries, Inc., were in agreement as to the proper valuation if the lease was perpetual,

it is not necessary to consider the other objections raised by appellants.

Affirmed. No costs.

CARR, C. J., and BLACK, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred with KELLY, J.

DETHMERS, J., did not sit.